**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1148

IN RE: MEDICAL REVIEW PANEL GEORGE ABRAMS

Judgment Rendered: **MAY 1 8 2023**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 665084

Honorable Kelly Balfour, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Thomas Abrams<br>Clearwater, FL | Plaintiff-Appellant,<br>In Proper Person |
| Lorraine P. McInnis<br>Metairie, LA | Attorneys for Defendants-Appellees,<br>East Baton Rouge Medical Center,<br>LLC d/b/a Ochsner Medical Center-<br>Baton Rouge, Kristi O. Kelly, RN,<br>Stacey L. O'Keefe, RN, Natalie B.<br>Ruiz, RN, and Meagan White, RN |

\* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Theriot, J. Agrees with result and assigns additional reasons

**HESTER, J.**

This appeal arises out of the district court's February 11, 2022 judgment granting a rule for contempt filed by defendants, East Baton Rouge Medical Center, LLC d/b/a Ochsner Medical Center-Baton Rouge ("Ochsner"), Kristi O. Kelly, RN, Stacey L. O'Keefe, RN, Natalie B. Ruiz, RN, and Meagan White, RN ("Ochsner nurses") (sometimes hereinafter collectively referred to as the "Ochsner defendants"), and ordering plaintiff, Thomas Abrams ("Abrams"), to fully and completely respond to discovery propounded by Ochsner and to pay attorney fees, plus costs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter initially came before this court on appeal filed by Abrams from a September 26, 2019 judgment granting a rule for contempt filed by the Ochsner defendants. **In re Medical Review Panel Abrams**, 2020-0077 (La. App. 1st Cir. 3/29/21), 2021 WL 1170048 (unreported), writ denied, 2021-00591 (La. 6/22/21), 318 So.3d 711. The underlying action is one for medical malpractice instituted before a medical review panel by Abrams on behalf of his deceased brother George F. Abrams. **Id.** at *1. The district court proceeding was instituted by Ochsner[1] on January 18, 2017, through the filing of a petition to conduct discovery in connection with Abrams's medical malpractice claim. See La. R.S. 40:1231.8(D)(2). The petition sought to utilize the processes of the district court in order to obtain evidence for presentation to the medical review panel.

Upon Ochsner's filing of a motion to compel, which is a contradictory motion, the matter was assigned to Section 23 in the 19th Judicial District Court. According to Ochsner, Abrams failed to fully respond to the discovery propounded by Ochsner

---

[1] At the time the relevant discovery was propounded, the Ochsner nurses were not yet named defendants in the medical review panel request. The relevant discovery was propounded on March 28, 2017 by Ochsner only.

2

on March 28, 2017. He only partially responded to the discovery on April 27, 2017, providing George Abrams's driver's license, Social Security card, and various health care identification cards along with a copy of records obtained by Abrams from Ochsner. Abrams objected to the motion to compel and claimed it was "*vexatious* ... frivolous and mean-spirited" and intended to delay and thwart the medical review panel process. Further, Abrams bemoaned the Medical Malpractice Act and the process for filing medical malpractice claims.[2]

As set forth in **In re Medical Review Panel Abrams**, the district court granted the motion to compel, and Abrams was ordered to respond to outstanding discovery propounded by Ochsner within twenty days of the execution of the judgment and was cast with costs and attorney fees in a judgment dated May 10, 2018. **In re Medical Review Panel Abrams**, 2021 WL 1170048 at *1. After Abrams failed to comply with the May 10, 2018 judgment, the Ochsner defendants filed a rule for contempt on August 6, 2019, which was granted by the district court in a judgment dated September 26, 2019. **Id.** at *2. This court in **In re Medical Review Panel Abrams** vacated the September 26, 2019 judgment, determining that it was obtained without strict compliance with the long-arm statute, La. R.S. 13:3205, and was an absolute nullity. **Id.** at *3.

On remand, Abrams filed "MOTIONS: (1) for **SANCTIONS, APPEAL COSTS** AND FEES; (2) TO *VACATE CERTAIN JUDGMENTS* BASED ON WILFUL [sic] DECEIT/ILL-PRACTICES; (3) for **ORDER TO CONVENE THE** CURRENT MEDICAL-REVIEW PANEL; (4) seeking a **DECLARATORY**

---

[2] Abrams maintained, in part, that (1) he amended his medical malpractice claim to provide the requested specificity; (2) Ochsner "enter[ed] this court too early, as the medical-review panel statutorily has three months once empaneled to gather the documents it decides are needed"; (3) "Ochsner refused to participate in the expedited medical-review process"; (4) the district court should remove, remand, or consolidate all discovery matters "related to the subject PCF claim[] into the currently-active and directly-related 'patient-dumping' complaint against all Ochsner-affiliates"; and (5) Ochsner did not provide Abrams with documents he requested more than two years prior.

3

**JUDGMENT ON THE CONSTITUTIONALITY OF THE LOUISIANA MEDICAL-MALPRACTICE ACT; (5) "FURTHER PROCEEDINGS" (as anticipated by the First Circuit Court of Appeal in its decision dated 3/29/2021, appeal numbered 2020-CA-0077); and/or, (6) MOTION FOR NEW TRIAL."** After a hearing, the district court denied all motions raised by Abrams and signed a judgment dated August 11, 2021.[3]

On August 18, 2021, the Ochsner defendants filed a motion to re-set the hearing on the August 6, 2019 rule for contempt, requesting that the rule be re-set and re-heard by the district court. At the conclusion of the properly noticed hearing, the district court found Abrams in contempt for failing to pay $700.00 in attorney fees and costs assessed and for failing to completely respond to Ochsner discovery as instructed in the May 10, 2018 judgment. The district court further awarded additional attorney fees to the Ochsner defendants in the amount of $750.00, as well as costs.

Thereafter, the district court signed a judgment on February 11, 2022, granting the rule for contempt and ordering Abrams to fully and completely respond to the discovery propounded by Ochsner on March 28, 2017 within 45 days of the date of the judgment or face dismissal of his claims against the Ochsner defendants with prejudice. The February 11, 2022 judgment further ordered Abrams to pay $700.00 in attorney fees plus costs as previously ordered in the May 10, 2018 judgment, as well as $750.00 in additional attorney fees plus costs necessitated by the present rule for contempt. The attorney fees and costs were to be paid within 45 days of the date of the judgment or Abrams would face dismissal of his claims against the Ochsner defendants with prejudice. It is from this judgment Abrams appeals.

---

[3] This court denied Abrams's application for supervisory writs. **In re Medical Review Panel Abrams**, 2021-1315 (La. App. 1st Cir. 1/31/22), 2022 WL 293046 (unreported writ action).

## LAW AND ANALYSIS

A contempt of court may be constructive or direct and is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. Code Civ. P. art. 221. Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes a constructive contempt of court. La. Code Civ. P. art. 224(2).

To find a person guilty of constructive contempt, the court must find that he violated the order of the court intentionally, knowingly, and purposely, without justifiable excuse. The district court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will be reversed only when the appellate court discerns a clear abuse of that great discretion. **Rogers v. Pastureau**, 2012-2008 (La. App. 1st Cir. 4/26/13), 117 So.3d 517, 532, writ denied, 2013-1833 (La. 8/8/13), 120 So.3d 247.

After a thorough review of the record herein, including Abrams's candid acknowledgment of his continued failure to comply with the May 10, 2018 judgment compelling Abrams to pay attorney fees and costs for over four years[4] and Abrams's actions in this proceeding, we are unable to find that the district court abused its great discretion in finding Abrams in contempt. Even considering that Abrams is a *pro se* litigant, the record supports the district court's finding that Abrams acted willfully and in contempt of the court's May 10, 2018 judgment as alleged in both contempt rules.

---

[4] At the January 24, 2022 hearing, Abrams maintained that he answered discovery; however, as set forth in the 2018 motion to compel and both the 2019 and 2021 rules for contempt, Abrams has never fully responded to the discovery propounded by Ochsner on March 28, 2017. He partially responded to the discovery on April 27, 2017, providing George Abrams's driver's license, Social Security card, and various health care identification cards, along with a copy of records obtained by Abrams from Ochsner.

5

## CONCLUSION

For the foregoing reasons, we affirm the district court's February 11, 2022 judgment. All costs of the appeal are assessed to appellant, Thomas Abrams.

**AFFIRMED.**

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1148

IN RE: MEDICAL REVIEW PANEL GEORGE ABRAMS (D)

**THERIOT, J., agreeing and assigning additional reasons.**

I write separately to state that although the Ochsner defendants did not answer this appeal to request an increase in the attorney fee award, under the circumstances of this case, additional attorney fees are warranted for defense of this appeal. Louisiana Code of Civil Procedure article 2164 provides that this Court "shall render any judgment which is just, legal, and proper upon the record on appeal." Pursuant to that authority, the jurisprudence has determined that when an issue of attorney fees is present in the case, it is within the appellate court's discretion to award or increase attorney fees for the expense of the appeal regardless of whether the appellee answered the appeal. See La. C.C.P. art. 2164; *Delta Land & Investments, LLC v. Hunter Estates, Inc.*, 51,069, p. 15 (La.App. 2 Cir. 1/11/17), 211 So.3d 1255, 1265, *writ denied*, 2017-0264 (La. 3/31/17), 217 So.3d 364. After thorough consideration, I would exercise our discretion under article 2164 to award additional attorney fees to the Ochsner defendants for defense of this appeal.